IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

JAN 1 3 2009

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| HAROLD D. SHARP, | ) |
| Plaintiff, | ) |
| vs. | ) No. 08-1029-W |
| GEO GROUP, INC., et al., | ) |
| Defendants. | ) |

## ORDER

On December 15, 2008, United States Magistrate Judge Valerie K. Couch issued a Report and Recommendation in this matter and recommended that the Court sua sponte dismiss the amended complaint filed by plaintiff Harold D. Sharp for failure to state a claim upon which relief may be granted. Sharp was advised of his right to object to the Report and Recommendation, but no objection has been filed within the allotted time.

Upon review of the record, the Court concurs with Magistrate Judge Couch's suggested disposition of this matter. Sharp is incarcerated in Lawton Correctional Facility ("LCF"). In his amended complaint, Sharp has contended that from June 2008 to August 2008, while LCF "was on lockdown," Amended Complaint [Doc. 9] at 2, defendants GEO Group, Inc.,[1] LCF Warden David Miller and Eroll Hancock, who is identified as LCF kitchen manager, violated his rights under the eighth amendment to the United States Constitution because they denied him "a safe environment and healthy living and eating standards." Id. at 3. Sharp has complained in particular about the manner in which food was prepared

---

[1] It is unclear whether Sharp has named GEO Group, Inc. ("GEO"), as a defendant in the amended complaint. See Amended Complaint [Doc. 9] at 4. Because Sharp's pleadings are to be liberally construed, the Court has assumed that GEO remains a party defendant.

and distributed, and he has contended such preparation and distribution could have "exposed the [prison] population to cross-contamination." Id. at 2. Damages for pain and suffering and "for wrongful exposure to possible health threats," Amended Complaint at 5, are sought under title 42, section 1983 of the United States Code for the alleged eighth amendment violations. "Relief from inappropriate food handling," id., is also requested.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the [e]ighth [a]mendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). To establish a conditions-of-confinement claim under the eighth amendment, a plaintiff must allege both an objective and a subjective component associated with the alleged constitutionally inadequate conditions. E.g., Shannon v. Graves, 257 F.3d 1164, 1168 (10th Cir. 2001).

The objective component requires "a condition . . . sufficiently serious so as [to] constitute a substantial risk of serious harm." Id. (citing Helling, 509 U.S. at 33-35). "The subjective component requires that a defendant prison official have a culpable state of mind, that he . . . acts or fails to act with deliberate indifference to inmate health and safety." Id. (citation omitted).

The Court finds that Sharp has failed to allege that GEO,[2] Miller and/or Hancock subjectively knew of, and deliberately disregarded, an excessive risk to inmate health or safety. E.g., Farmer v. Brennan, 511 U.S. 825, 837 (1994); e.g., id. at 838 (official's failure to alleviate significant risk that he should have perceived but did not, while no cause for

---

[2]GEO cannot be liable under title 42, section 1983 of the United States Code based upon a theory of respondeat superior. Thus, to prevail against GEO, Sharp must allege that the implementation of a policy or custom was the motivating force behind the alleged eighth amendment violation. He has not done so.

commendation, cannot be condemned under eighth amendment). Thus, because Sharp has failed to plead sufficient facts in support of one essential element of his claim under the eighth amendment, he has failed to state a valid claim for relief that is plausible on its face against the defendants under section 1983. Such failure is dispositive, and the Court need not consider the sufficiency of the allegations advanced in support of the objective component of Sharp's case-in-chief.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 10] issued on December 15, 2008;

(2) DISMISSES this action without prejudice pursuant to title 28, sections 1915A(b)(1) and 1915(e)(2)(B)(ii) of the United States Code; and

(3) ORDERS that this dismissal count as a "prior occasion" or "strike" pursuant to title 28, section 1915(g) of the United States Code after Sharp has exhausted or waived his right to appeal.

ENTERED this 13th day of January, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE